**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

2011 MAR 31  AM 3:27

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| MICHELE LAWSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SINERGY RECOVERY LLC, | ) |
| | ) |
| Defendant. | ) |

**1 : 1 1 -cv- 0 4 4 2 TWP -MJD**

## COMPLAINT

NOW COMES the Plaintiff, MICHELE LAWSON, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, SINERGY RECOVERY LLC, Plaintiff states as follows:

### I.    PRELIMINARY STATEMENT

1.    This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.    JURISDICTION & VENUE

2.    Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.    Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.    PARTIES

4.    MICHELE LAWSON, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Shelbyville, County of Shelby, State of Indiana.

5.    The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to HSBC.

1

6.     The debt that Plaintiff allegedly owed HSBC was for a credit card, on which charges were incurred primarily for the personal use of Plaintiff and/or for household expenditure.

7.     At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8.     SINERGY RECOVERY LLC, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Indiana.  Defendant is registered as a limited liability company in the State of New York.

9.     The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10.    Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11.    During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12.    At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13.    At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. ALLEGATIONS

14.     On or about August 25, 2010, Plaintiff received a voicemail message from Mr. Ardino, a duly authorized representative of Defendant, who stated that it was urgent that Plaintiff contact Defendant

15.     Defendant then provided Plaintiff with a putative case number to which Plaintiff should contact Defendant to discuss the aforesaid case.

16.     Defendant's statements, as delineated above, had the effect of conveying to an unsophisticated consumer that a lawsuit had been filed against Plaintiff and that Plaintiff had to contact Defendant to discuss the lawsuit that was pending against her.

17.     Defendant's representation that a lawsuit had been filed against Plaintiff was false, deceptive and/or misleading given that, upon information and belief, at the time the aforementioned representation was made by Defendant, no lawsuit had been filed against Plaintiff with respect to the debt she allegedly owed.

18.     Defendant's representation that a lawsuit had been filed against Plaintiff misrepresented the character, nature and/or legal status of the debt on which Defendant was attempting to collect given that, upon information and belief, at the time the aforementioned representation was made by Defendant, no lawsuit had been filed against Plaintiff with respect to the debt she allegedly owed.

19.     On or about August 26, 2010, Plaintiff initiated a telephone call to Defendant and engaged in a telephone conversation with Mr. Ardino.

20.     During the aforesaid telephone call, Defendant told Plaintiff that unless she made a payment to Defendant by the end of the month, August 31, 2010, then Defendant would take Plaintiff to court and obtain a judgment against her.

3

21.     Plaintiff informed Defendant that she would not be able to make a payment until September 10, 2010 since that would be the earliest date when she would have available funds to make a payment towards the debt she allegedly owed.

22.      Mr. Ardino then transferred Plaintiff to speak with Mr. Sinclair, a duly authorized representative of Defendant, who identified himself as a "Director."

23.     Plaintiff, again, apprised Defendant that she would not be able to make a payment to Defendant until September 10, 2010 since that would be the earliest date when she would have available funds available to make a payment towards the debt she allegedly owed.

24.     Mr. Sinclair responded by stating "I do not care about your situation, it does not matter. You owe this money and you are going to pay it."

25.     Plaintiff informed Defendant that she could set up a payment plan with Defendant if she was able to make her first payment on September 10, 2010.

26.     Defendant refused to entered into the payment plan suggested by Plaintiff.

27.     Defendant then stated "[w]e will take you to court and garnish your wages. [w]e will obtain a judgment against you."

28.     Defendant has not filed a lawsuit against Plaintiff for the debt she allegedly owes.

29.     Upon information and belief, at the time of making the aforementioned threats, Defendant had no intention of filing a lawsuit against Plaintiff for the debt she allegedly owes.

30.     Upon information and belief, Defendant has no authority to file a lawsuit against Plaintiff for the debt she allegedly owes.

31.     Upon information and belief, at the time of making the aforementioned threats, Defendant had no authority to file a lawsuit against Plaintiff for the debt she allegedly owes.

32.     At the time Defendant made the aforementioned threats to have Plaintiff's wages garnished, no lawsuit had been filed against Plaintiff for the debt she allegedly owed.

33.     At the time Defendant made the aforementioned threats to have Plaintiff's wages garnished, no judgment had been entered against Plaintiff for the debt she allegedly owed.

34.     The debt allegedly owed by Plaintiff is not a debt that can proceed to garnishment without Defendant first having secured a judgment against Plaintiff for the alleged debt.

35.     During the aforesaid telephone call between Plaintiff and Defendant, Defendant called Plaintiff a "deadbeat."

36.     Defendant also cursed at Plaintiff during the aforesaid conversation with Plaintiff.

37.     Plaintiff then disconnected the telephone conversation with Defendant.

38.     Defendant's statements as delineated above are neither statements made in an effort to seek payment from Plaintiff nor statements made to further the collection efforts of Defendant.

39.     The natural consequence of Defendant's statements was to unjustly condemn and vilify Plaintiff for her non-payment of the debt she allegedly owed HSBC.

40.     The natural consequence of Defendant's statements was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

41.     The natural consequence of Defendant's statements was to cause Plaintiff mental distress.

42.     Plaintiff became so scared by Defendant's statements, as delineated above, that she disconnected the telephone call with Defendant.

43.     Immediately after Plaintiff disconnected the aforesaid telephone call with Defendant, Mr. Ardino initiated a telephone call to Plaintiff.

5

44.     Plaintiff told Mr. Ardino that she no longer wanted to speak to him wherein Mr. Ardino transferred Plaintiff to speak to another duly authorized representative of Defendant, Mr. Spencer.

45.     During the course of the aforementioned telephone call, as a result of Defendant's representations that if a payment was not made by August 31, 2010 then Defendant would file a lawsuit against Plaintiff, Plaintiff entered into a payment arrangement with Defendant.

46.     During the course of the aforementioned telephone call, as a result of Defendant's representations that if a payment was not made by August 31, 2010 then Defendant would obtain a judgment against Plaintiff, Plaintiff entered into a payment arrangement with Defendant.

47.     During the course of the aforementioned telephone call, as a result of Defendant's representations that if a payment was not made by August 31, 2010 then Defendant would garnish her wages, Plaintiff entered into a payment arrangement with Defendant.

48.     Plaintiff was coerced into entering into a payment plan with Defendant.

49.     In its attempts to collect the debt allegedly owed by Plaintiff to HSBC, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

        a. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

        b. Used obscene or profane language or language the natural consequence of which is to abuse the hearer or reader in violation of 15 U.S.C. §1692d(2);

        c. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

        d. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

        e. Represented or implied that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt

6

collector or creditor intends to take such action in violation of 15 U.S.C. §1692e(4);

f. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

g. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

h. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f; and,

i. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

50.    As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.    JURY DEMAND

51.    Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MICHELE LAWSON, by and through her attorneys, respectfully prays for judgment as follows:

a.    All actual compensatory damages suffered;

b.    Statutory damages of $1,000.00;

c.    Plaintiff's attorneys' fees and costs;

d.    Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**MICHELE LAWSON**

By:

David M. Marco
Attorney for Plaintiff,

Dated: March 28, 2011

7

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone:  (312) 222-9028 (x812)
Facsimile:   (888) 418-1277
E-Mail:       dmarco@smithlaw.us